UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD R. DICKERSON (#198534)

VERSUS                                              CIVIL ACTION

N. BURL CAIN, ET AL                                 NUMBER 10-7-RET-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, March 15, 2010.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD R. DICKERSON (#198534)

VERSUS                                              CIVIL ACTION

N. BURL CAIN, ET AL                                 NUMBER 10-7-RET-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the petition Donald R. Dickerson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner entered a plea of guilty to two counts attempted second degree murder in the Nineteenth Judicial District Court for the Parish of East Baton Rouge on July 19, 1999.  Petitioner was sentenced to concurrent 30-year terms of imprisonment at hard without benefit of probation, parole, or suspension of sentence in the custody of the Louisiana Department of Corrections.[1] Petitioner did not appeal his convictions and sentences.

On May 7, 2001, the petitioner filed an application for post-conviction relief in the district court.  On December 18, 2001,

---

[1] Petitioner alleged in his federal habeas corpus petition that he was sentenced to life imprisonment.  The transcript of the sentencing hearing confirms that he was sentenced to two concurrent 30-year terms.
    Petitioner was also sentenced at the same time to a concurrent term of 15 years imprisonment on a charge of possession of a firearm by a convicted felon.  Neither the petitioner's state post-conviction relief application nor his federal habeas corpus petition challenges this conviction or sentence.

1

the trial court denied review.  Petitioner apparently sought review in the First Circuit Court of Appeal.  On June 17, 2002, the Louisiana First Circuit Court of Appeal denied review on the showing made.  *State of Louisiana ex rel. Donald R. Dickerson v. Burl Cain,* 2002-0095 (La. App. 1st Cir. 6/17/02).  On October 3, 2008, more than six years later, the petitioner once again sought review in the Louisiana First Circuit Court of Appeal.  On January 9, 2009, the Louisiana First Circuit Court of Appeal denied review.  *State of Louisiana v. Donald R. Dickerson,* 2008-2066 (La. App. 1st Cir. 1/9/09).  Petitioner sought review by the Louisiana Supreme Court.  The Louisiana Supreme Court denied review on December 11, 2009.  *State ex rel. Donald Ray Dickerson v. State of Louisiana*, 2009-0544 (La. 12/11/09), 23 So.3d 915.

Petitioner signed his federal application for habeas corpus on December 31, 2009, and it was filed on January 6, 2010.

No evidentiary hearing is required.  Petitioner's federal habeas corpus application is untimely.

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus.  The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

2

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection.  A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D.Tex. 1998).  A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level.  *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

Petitioner's conviction became final no later than August 19, 1999.[2]  By the time the petitioner sought post-conviction relief in the trial court on May 7, 2001, the time limit to file a federal habeas corpus application had already elapsed.[3]  Petitioner's

---

[2]  For purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.

[3]  Although the entire state court record was not filed in response to the court's January 7, 2010 order, the portions of the state court record produced are sufficient to determine whether the petitioner's federal habeas corpus application was timely filed.  Moreover, the dates relied upon to determine timeliness are not disputed by the petitioner.

federal habeas corpus application was not timely filed.[4]

### RECOMMENDATION

It is the recommendation of the magistrate judge that the petition of Donald R. Dickerson for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, March 15, 2010.

*[signature]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief. *Coleman v. Johnson*, 184 F.3D 398 (5th Cir. 1999). A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).

4